IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mr. Giles Lee Palmer, | ) | |
| | ) | C.A. No. 3:09-1729-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Capt. Harold Crocker, Sgt. Rhinehart, Cpl. | ) | |
| Clary, and Private Hyatt, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Giles Lee Palmer, proceeding *pro se*, filed the within action pursuant to 42 U.S.C.

§ 1983 on June 30, 2009 against Captain Harold Crocker ("Crocker"), Sergeant Rhinehart

("Rhinehart"), Corporal Clary ("Clary"), and Private Hyatt (Hyatt), alleging violations of his

constitutional rights. Plaintiff seeks damages from and some form of discipline of the named

defendants. Plaintiff is currently housed at the Cherokee County Detention Center, which is located

in Gaffney, South Carolina. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C.,

this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.

On September 30, 2009, Defendants filed a motion for summary judgment. Pursuant to *Roseboro*

*v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on September 30, 2009, advising

Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond

adequately. Plaintiff did not respond to Defendant's motion for summary judgment by the October

19, 2009 deadline.

On November 9, 2009, the Magistrate Judge issued a second order advising Plaintiff that it

appeared that he did not wish to pursue his case and granting Plaintiff another fifteen (15) days to

file a response to Defendants' motion for summary judgment. This order warned Plaintiff that if he

failed to respond, the Magistrate Judge would recommend dismissal of his case with prejudice for failure to prosecute. Plaintiff did not respond by the deadline. On December 14, 2009, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's case be dismissed for failure to prosecute. On January 7, 2010, Plaintiff objected to the Report and Recommendation arguing that he did not have paper and a pencil to respond to the motion for summary judgment.

On May 18, 2010, the court entered an order granting Plaintiff thirty days to respond to Defendants' motion now that he had access to paper and pencil as evidenced by his objection to the Report and Recommendation. In the order, Plaintiff was warned that failure to respond would result in the dismissal of this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to respond to the court's order. Plaintiff has failed to file a response within the allotted time.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In dismissing a case under Rule 41 for failure to prosecute or failure to comply with a court order, a court must consider 1) the degree of the plaintiff's responsibility in failing to respond; 2) the amount of prejudice to the defendant; 3) the history of the plaintiff in proceeding in a dilatory fashion and 4) the existence of less drastic sanctions other than dismissal. *See Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). The court has carefully reviewed the record and concurs with the Magistrate Judge that these factors support the dismissal of this case.

## CONCLUSION

Pursuant to Federal Rule of Civil Procedure 41, this case is dismissed with prejudice for failure to comply with a court order. The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

July 1, 2010
Columbia, South Carolina

3